UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN B. CHASIN, *et al.*,

        Plaintiffs,

v().

DISTRICT OF COLUMBIA, *et al.*,

        Defendants.

No. 05-cv-1792 (JR)

**MOTION FOR ENTRY OF AN ORDER DIRECTING REINSTATEMENT OF PLAINTIFFS PURSUANT TO THE COURT'S ORDER OF NOVEMBER 10, 2005**

Each of the plaintiffs herein having passed the facemask-fit tests administered by the District of Columbia Fire and Emergency Medical Services Department, and none having failed, the plaintiffs hereby move for the entry of an order directing the Department to reinstate them to field operations pursuant to this Court's order of November 10, 2005 [#11] herein, as well as the Court's order of August 11, 2005 [#97], entered in the consolidated case of *Potter v. District of Columbia*, No. 01-cv-1189 (JR).

The defendant does not consent to the relief sought in this motion.

**Points and Authorities**

This case and the *Potter* case involve Department members who wish to continue in their established careers as D.C. firefighters or paramedics while wearing the beards that their religions require them to wear. Because the same factual and legal issues are presented in the two cases, the Court has consolidated them. *See* Order Granting Preliminary Injunction and Consolidation [#11], at 2.

On August 1, 2005, the Court held an evidentiary hearing in the *Potter* case on plaintiffs' motion for clarification of the existing preliminary injunction. After receiving

post-hearing briefs, the Court issued a Memorandum and order on August 11. In its Memorandum, the Court explained that

> [t]he record remains unclear, however, on the question of whether these three firefighters could actually operate safely with negative pressure APR's. It is unclear because of the District's rigid refusal to allow the plaintiffs to test their proposition that they can satisfy the negative pressure requirements of the face-fit test. That rigidity is not acceptable, in view of RFRA's command that "governments should not substantially burden religious exercise without compelling justification."

Mem. Op. [#98] at 11-12. Accordingly, the Court's August 11 order provided that the "Defendant must afford plaintiffs the opportunity to take and pass an appropriate face-fit test." Order [#97] at 1. The Memorandum explained that the Court

> ha[d] in mind a series of face-fit tests, perhaps monthly for three or four months, that would either prove or disprove the contentions of the parties that beard growth and density is too variable for reliable, repeatable testing of bearded men.

Mem. Op. at 14. However, the Court denied plaintiffs' request to order the Department to keep them on active duty status during this period of testing.

The instant case (*Chasin*) was filed on September 13, 2005, on behalf of six additional Department members, including two firefighters and four paramedics. On November 10, the Court granted the plaintiffs' motion for a preliminary injunction and, following the lead of *Potter*, ordered the Department to "conduct three face-fit tests on each of the plaintiffs during the 90-day period following October 1, 2005." Order Granting Preliminary Injunction and Consolidation [#11], at 2. As in *Potter*, the Court denied the *Chasin* plaintiffs' request to order the Department to keep them on active duty status, and permitted plaintiffs to be placed in "administrative duty status" during this period of testing.

The Department did not quite manage to adhere to the schedule ordered by the Court, but it completed the series of three fit tests of plaintiffs Steven Chasin, Kevin Conerly,

Shango Kwame Rashumaa, and Jasper Sterling yesterday (January 11, 2006). The fit tests were administered by Department personnel using Department equipment. Plaintiffs Chasin, Conerly, Rashumaa and Sterling passed each of the three fit tests, one in November, one in December, and one in January.[1] Plaintiffs Chasin, Rashumaa and Sterling had also passed fit tests while wearing beards four years ago, when paramedics were first issued respiratory protection equipment.[2]

The fit test results demonstrate that these plaintiffs can consistently achieve an adequate fit over time and can safely use a negative-pressure respirator (such as the "Go Bag" filter kit) while wearing their beards. As that was the only fact at issue, the Court should now order the Department to return these plaintiffs to field operations, as contemplated by its previous opinion and orders.

The Court should also order the Department to return plaintiffs Dwight Evans and Eleon Baker to field operations. Plaintiff Evans took and passed fit tests with his beard in November and December, but he was not tested again in January because he was not able to continue to bear the heavy financial burden of being assigned to administrative duty and therefore shaved after passing his second test so that he could return to active duty and resume earning his regular pay.[3] Like the other paramedic plaintiffs, he had also passed a fit

---

[1] The computer printouts showing their successful results are attached to the Declaration of Jessica Langley, filed herewith.

[2] *See* Declaration of Steven Chasin, ¶ 6; Declaration of Shango Kwame Rashumaa, ¶ 2; Declaration of Jasper Sterling, ¶ 4 (all filed with plaintiffs' motion for a preliminary injunction [#3]. Plaintiff Conerly is a firefighter and therefore was not tested at that time.

[3] *See* Second Declaration of Dwight Evans, filed herewith. After he shaved, Mr. Evans was again fit-tested, and passed with a score not very different from his score with a beard (17100 vs. 13700, with the passing score being 500). The computer printouts showing Mr. Evans' three successful fit-test results are also attached to the Langley declaration.

test with his beard four years ago when the equipment was first issued.[4]  Likewise, Sgt. Baker—who is a single parent supporting two children—was also not able to bear the financial burden of being assigned to administrative duty, and felt that he had no choice but to violate his religious beliefs by shaving when he next reported for duty after the complaint in this case was filed.  He has therefore not been fit tested during the past three months.  However, he was fit tested by the Department with his beard in July 2005, and he passed that test without a problem.[5]

      Plaintiffs Evans and Baker should be returned to regular duty at this time because otherwise they will be put in the cruel position of being forced to choose between quitting their jobs (which they have held for more than 30 and 20 years, respectively) or violating their religious beliefs for the indefinite future, as they remain unable to take a major cut in pay for a period of three months or longer.[6]  The fact that they have each passed fit tests with their beards, and the fact that their fellow plaintiffs have passed repeated fit tests with beards, shows that the odd of their being unable to obtain an adequate fit is small and tips the balance of equities strongly in their favor.  And of course the Department would be free to fit test them in the future; all they ask is that those fit tests take place while they are earning their regular pay.

---

[4] *See* Declaration of Dwight Evans, ¶ 3 (filed with plaintiffs' motion for a preliminary injunction [#3]).

[5] *See* Declaration of Eleon Baker, filed with plaintiffs' motion for a preliminary injunction, and Second Declaration of Eleon Baker, filed herewith.  The printout of Sgt. Baker's successful fit-test result is also attached to the Langley declaration.

[6] *See* Second Declaration of Dwight Evans, ¶ 7; Second Declaration of Eleon Baker, ¶¶ 4, 7.  By the time this motion has been briefed and ruled upon, some plaintiffs will have been on forced administrative duty for six months or more.  *See* Second Declaration of Steven Chasin, ¶ 4, filed herewith (noting that he has been on administrative duty since August 19, 2005, because of his beard).

4

The public interest also favors the relief sought in this motion. Each of the plaintiffs is an experienced firefighter or paramedic. While they are assigned to "administrative duty" they are essentially doing nothing.[7] At the same time, the taxpayers of the District of Columbia are paying other people—probably at overtime rates—to cover their positions. This state of affairs harms the plaintiffs, the Department, and members of the public both as taxpayers and as potential emergency patients. It also contributes nothing to anyone's safety. D.C. EMTs and paramedics, for example, have never yet been required to use their face masks and Go-Bag filters, nor have they even been issued Self-Contained Breathing Apparatus, which would be essential if they were to operate in a toxic atmosphere of any kind. In other words, except for purposes of this litigation, it is business as usual in the Department.[8]

## Conclusion

For the reasons given above, the Court should order the Department to return each of the plaintiffs to field operations. A proposed order is filed herewith.

Respectfully submitted,

/s/
_____
Arthur B. Spitzer (D.C. Bar No. 235960)
Frederick V. Mulhauser (D.C. Bar No. 455377)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, NW #119
Washington, DC 20036
(202) 457-0800

Counsel for Plaintiffs

January 12, 2006

---

[7] *See* Second Declaration of Steven Chasin, ¶ 8; Second Declaration of Eleon Baker, ¶ 7; Second Declaration of Dwight Evans, ¶ 7.

[8] *See* Second Declaration of Steven Chasin, ¶¶ 8-9; Second Declaration of Eleon Baker, ¶ 7; Second Declaration of Dwight Evans, ¶ 7.