UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN B. CHASIN, et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | )   Civil Action No. 05-1792 (JR) |
| v, | ) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
|     Defendant | ) |
| | ) |

ANSWER TO THE COMPLAINT

COMES NOW defendant, the District of Columbia, and for its answer to the Complaint states as follows:

FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

The following answers correspond to the numbered paragraphs in the complaint:

1. The allegations set forth in Paragraph 1 of the complaint are no more than plaintiff's description of this action and no response is required of these defendants. To the extent a response is required, each and every allegation set forth in Paragraph 1 of the complaint is denied.

2. The defendant admits that this Court entered a preliminary injunction in a *Potter v. District of Columbia* CA 01cv1189 (JR) forbidding the District from terminating plaintiffs in that action pending further order of the Court and requiring the District to devise a process for face-fit testing those plaintiffs. Each and every remaining allegation set forth in Paragraph 2 of

the complaint is denied.

3.  The defendant admits that jurisdiction over plaintiffs' claims is proper in this Court.

4.  Defendant admits that venue is proper in this Court.

5.  Defendant admits that Steven B. Chasin is employed by the defendant as a paramedic. The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the remaining allegations set forth in Paragraph 5 of the complaint and so denies the same.

6.  Defendant admits that Kevin Conerly is employed by the defendant as a paramedic. The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the remaining allegations set forth in Paragraph 6 of the complaint and so denies the same.

7.  Defendant admits that Dwight Evans is employed by the defendant as a paramedic. The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the remaining allegations set forth in Paragraph 7 of the complaint and so denies the same.

8.  Defendant admits that Shango Kwame Rashumaa is employed by the defendant as a paramedic. The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the remaining allegations set forth in Paragraph 8 of the complaint and so denies the same.

9.  Defendant admits that Jasper W. Sterling is employed by the defendant as a paramedic. The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the remaining allegations set forth in Paragraph 9 of the complaint and so denies the same.

10. Defendant admits that Eleon A. Baker is employed by the defendant as a paramedic. The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the remaining allegations set forth in Paragraph 10 of the complaint and so denies the same.

11. Admitted.

12. Defendant admits that in the past it has allowed employees of the Fire and Emergency Medical Service ("FEMS") to wear beards. Further answering, FEMS currently allows employees to wear beards so long as no facial hair is present where the face-piece seals to the face and the beard does not otherwise prevent a tight seal. The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the remaining allegations set forth in Paragraph 12 of the complaint and so denies the same.

13. Defendant admits that in the past it has allowed employees of the Fire and Emergency Medical Service ("FEMS") to wear beards. Further answering, FEMS currently allows employees to wear beards so long as no facial hair is present where the face-piece seals to the face. The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the remaining allegations set forth in Paragraph 13 of the complaint and so denies the same.

14. Defendant admits that in some circumstances firefighters protect themselves with positive pressure masks. Further answering, defendants deny that the positive flow of air in such masks will cure all imperfections in face seal. Further answering, all FEMS field personnel are required to be capable of responding to emergencies where positive pressure masks are inappropriate and negative pressure masks must be worn for respiratory protection.

15. Defendant admits that factors other than facial hair at the point of seal may also cause an imperfect seal on a face mask.

16. Denied.

17. Admitted.

18. The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the allegations set forth in Paragraph 18 of the complaint and so denies the same.

19. Denied.

20. The defendant lack knowledge or information sufficient to confirm the truth or accuracy of the allegations set forth in Paragraph 20 of the complaint and so denies the same.

21. Admitted

22. Defendant admits that on June 22, 2001 this Court entered a preliminary injunction in *Potter v. District of Columbia,* No. 01-cv-1189. Further answering, the remaining allegations in Paragraph 22 of the complaint are merely the plaintiffs' description of the Court's memorandum and order. These documents speak for themselves and no response is required of the defendant.

23. Admitted.

24. Defendant admits that it employees approximately 200 emergency medical technicians and that some months after the terrorist attacks of September 11, 2001 these employees where issued respiratory protection. Each and every remaining allegation in Paragraph 24 of the complaint is denied.

25. Admitted.

26. Denied

27. Admitted

28. Admitted

29. Denied

30. Denied

31. Denied

32. Defendant denies that Special Order 20 has the effect of forbidding all beards. The remaining allegations set forth in Paragraph 32 of the complaint are admitted.

33. Admitted

34. Admitted.

35. Paragraph 35 of the complaint is no more than plaintiffs' legal conclusions and no response is required of defendant. To the extent a response is deemed required, the allegations set forth in Paragraph 35 of the complaint are denied.

36. Defendant admits that on August 24, 2005 the Fire Chief issued a notice informing FEMS employees that exemptions to Special Order 20 would no longer be given. Defendant denies all remaining allegations set forth in Paragraph 36 of the complaint.

37. Admitted.

38. The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the allegations set forth in Paragraph 38 of the complaint and so denies the same.

39. Denied.

40. Denied.

41. The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the allegations of religious belief set forth in Paragraph 41 of the complaint and so denies the same. Defendant admits that Plaintiffs Chasin, Evans, Rashumma and Sterling are paramedics. Each and every remaining allegation set forth in Paragraph 41 of the Complaint is denied.

42. Denied.

43. Defendant admits that it owns face-fit testing equipment. Defendant denies that the cost of administering these tests is trivial.

44. Denied.

45. Admitted.

46. The assertion that a PAPR provides better protection than a APR is no more than the conclusion of the pleader with no context provided. No response is therefore required of the defendant and none is made. The remaining allegations are admitted.

47. Denied.

48. Denied.

49. Denied.

50. Admitted.

51. Denied.

52. Denied.

53. Defendant admits that plaintiffs have been placed on administrative duties. The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the remaining allegations set forth in Paragraph 53 of the complaint and so denies the same.

54. Denied.

The remaining allegations of the complaint are numbered out of sequence. Defendant answers these allegations in the order in which they appear in the complaint.

[38]   The Religious Freedom Restoration Act speaks for itself and no response is required of the defendant.

[39]   Admitted.

[40]   The defendant lacks knowledge or information sufficient to confirm the truth or accuracy of the allegations of religious belief set forth in Paragraph [40] of the complaint and so denies the same.

[41]   Denied.

[42]   Denied.

[43]   Denied.

[44]   Denied.

[44]   Denied.

Any allegation not specifically admitted is denied.

Defendant reserves the right to timely amend this answer to state further defenses has they become apparent in the course of this litigation.

                          Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General for
Civil Litigation


/s/ Robert C. Utiger
ROBERT C. UTIGER [437130]
Senior Counsel to the Deputy for
Civil Litigation
P.O. Box 14600
Washington, D.C. 20001
(202) 724-6532