**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CALVERT L. POTTER, *et al.*, <br>      Plaintiffs, <br>    v. <br> DISTRICT OF COLUMBIA, <br>      Defendant. | No. 01-cv-1189 (JR) |
| STEVEN B. CHASIN, *et al.*, <br>      Plaintiffs, <br>    v. <br> DISTRICT OF COLUMBIA, <br>      Defendant. | No. 05-cv-1792 (JR) |

**NOTICE OF ADDITIONAL AUTHORITY**

Plaintiffs file herewith a copy of the Supreme Court's decision in *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. ___ (No. 04-1084, February 21, 2006), which provides strong additional support for the arguments made in plaintiffs' pending motions for reinstatement (No. 103 in *Potter* and No. 14 in *Chasin*).

**Discussion**

A unanimous Supreme Court yesterday decided this much-watched Religious Freedom Restoration Act case, which pitted the government's war on drugs against the hallucinogenic sacramental practices of a small religious sect. Several of its holdings and explanations bear directly on the motions for reinstatement that are before this Court.

  1. **The government bears the burden of proof even at the preliminary injunction stage.** The Court held that "the burdens at the preliminary injunction stage

track the burdens at trial," and "[h]ere the burden is placed squarely on the Government by RFRA." Slip op. at 8. Accordingly, the Court affirmed a preliminary injunction that the district court had issued when the evidence was "in equipoise." *Id*. at 5.

2. **The government must carry its burden of proof independently with respect to each claimant.** The Court held (or pointed out) that "RFRA requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person'—the *particular claimant* whose sincere exercise of religion is being substantially burdened. 42 U. S. C. §2000bb–1(b)." Slip op. at 9 (emphasis added). Thus, even if the Fire Department can carry its burden as to some plaintiffs, any plaintiff as to whom it cannot carry its burden is entitled to relief.

3. **The existence of federal regulations do not carry the government's burden.** The D.C. Fire Department places great weight on the existence of OSHA regulations and NIOSH standards with which, it claims, it must comply.[1] Similarly, in *O Centro Espirita,* the government argued that enforcement of the federal Controlled Substances Act "serves a compelling purpose and simply admits of no exceptions." Slip op. at 9. The Court acknowledged that Schedule I controlled substances are "exceptionally dangerous." Slip op. at 11. Nevertheless, it held that "[u]nder the more focused inquiry required by RFRA and the compelling interest test, the Government's mere invocation of the general characteristics of Schedule I substances, as set forth in the Controlled Substances Act, cannot carry the day," and that "Congress' determination that DMT should be listed under Schedule I simply does not provide a categorical answer that relieves the Government of the obligation to shoulder its burden under RFRA." *Id*.

---

[1] Plaintiffs have shown that those regulations are not, in fact, binding on the District. But we put that issue aside for this filing.

4. **Congress has directed the Courts, not the Executive, to decide when religious needs can be accommodated, using the compelling interest test.**   Although the Supreme Court was asked to defer to the expertise of the Executive Branch (including the Drug Enforcement Administration, the Department of Justice, and the State Department) on the question whether the *O Centro Espirita* group could be allowed to use DMT without seriously undermining the government's compelling interests in regulating the importation and use of dangerous drugs and in complying with international drug control treaties, it refused to defer.  As the Court explained, "Congress . . . legislated 'the compelling interest test' as the means for *courts* to 'strik[e] sensible balances between religious liberty and competing prior governmental interests.' 42 U.S.C. §§ 2000bb(a)(2), (5)."  Slip op. at 18 (emphasis added; brackets in original).  The Court conceded that there was "no cause to pretend that the task assigned to the courts under RFRA is an easy one. . . .  But Congress has determined that *courts* should strike sensible balances, pursuant to a compelling interest test."  *Id.* (emphasis added).

Plaintiffs are mindful that this Court has been hesitant to overrule the Fire Chief's judgment on a matter of public safety.  But the importation and use of dangerous drugs is also a matter of public safety as to which the government has an acknowledged compelling interest.  As the Supreme Court has made clear, Congress has nevertheless directed this Court, not the Fire Chief, to make the necessary fact-based determination in this case.

5. **Any plaintiff whose religious practices can be accommodated without seriously compromising the government's compelling interest is entitled to an accommodation.**   The Supreme Court observed that "[t]he Government's argument

3

echoes the classic rejoinder of bureaucrats throughout history: If I make an exception for you, I'll have to make one for everybody, so no exceptions." Slip op. at 15. But the Religious Freedom Restoration Act precludes the government from relying on such a policy: "RFRA operates by mandating consideration, under the compelling interest test, of exceptions to 'rule[s] of general applicability.' 42 U. S. C. §2000bb–1(a)." *Id.* (brackets in original). The statute requires a "case-by-case consideration of religious exemptions to generally applicable rules." *Id.*

The record in these cases shows that the Fire Department has not carried *its burden* of demonstrating that each of the moving plaintiffs cannot safely perform his duties as a firefighter or a paramedic while wearing a beard and using his usual respiratory protection equipment. To the contrary, the record shows that each of the moving plaintiffs affirmatively can do so. Even if the evidence were only in equipoise, the government would not have carried *its* burden. Each moving plaintiff is therefore entitled to the simple accommodation of an exemption from the Department's general rule prohibiting facial hair.[2]

## Conclusion

For the reasons stated above and in plaintiffs' earlier filings, the pending motions for reinstatement should be granted.

---

[2] Plaintiff Hassan Umrani has not moved for reinstatement at this time. If he ultimately cannot pass the Department's negative-pressure facemask fit test with his beard, the government in opposing any future motion for reinstatement by Mr. Umrani will bear the burden of demonstrating that there is not another avenue of reasonable accommodation—such as being issued a PAPR instead of a negative-pressure filter to use in a possible "go-bag" situation—with which he can safely continue his career as a firefighter. But that issue is not now before the Court.

Respectfully submitted,

/s/
_____

Arthur B. Spitzer (D.C. Bar No. 235960)
Fritz Mulhauser (D.C. Bar No. 455377)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, DC 20036
(202) 457-0800

*Counsel for Plaintiffs*

/s/
_____

William D. Iverson (D.C. Bar No. 88872)
Michael C. Boteler (D.C. Bar No. 474504)
Joshua A. Doan (D.C. Bar No. 490879)
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 662-6000

*Counsel for Plaintiffs in No. 01-1189*

February 22, 2006