UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVERT L. POTTER, *et al.* ) | |
| ) | |
| *Plaintiffs,* ) | Civil Action No. 01-1189 (JR) |
| ) | |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| *Defendant* ) | |
| _____) | |
| ) | |
| STEVEN B. CHASIN, *et al.* ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | Civil Action No. 05-1792 (JR) |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| *Defendant* ) | |
| _____) | |

**DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO PLAINTIFFS'
NOTICE OF ADDITIONAL AUTHORITY**

On February 21, 2006 the Supreme Court issued a decision in *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,* 546 U.S. ___ (No. 04-1084, February 21, 2006), a case involving the Religious Freedom Restoration Act ("RFRA"). On February 22, 2006 plaintiffs provided the Court with a copy of the Court's decision. In addition, plaintiffs presented additional argument in support of Plaintiffs' pending motions for reinstatement. As set forth below, the recent holding in *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,* when applied to the facts of *this* case, fully supports the District's opposition to the reinstatement of plaintiffs to field duty.

## BURDEN OF PROOF IS ON THE GOVERNMENT

Plaintiffs correctly assert that *O Centro Espirita Beneficente Uniao do Vegetal* stands for the proposition that the burden of proof, even at the preliminary injunction stage, is on the government to meet the compelling interest test in cases brought under RFRA. Plaintiffs' also assert that the District must carry this burden of proof as to each plaintiff whose sincere religious beliefs are substantially burdened by its safety-based face-fit policy. Again, plaintiffs' are correct and the District has never asserted otherwise. Having pointed out these unremarkable truths, plaintiffs' simply ignore the record in this case and assert that the District has failed to meet its admitted burden. Plaintiffs are simply wrong.

## THE DISTRICT HAS MET ITS BURDEN OF PROOF

Plaintiffs assert that the District "places great weight on the existence of OSHA and NIOSH standards" in asserting that facial hair at the point of seal of a face-piece is unsafe. Plaintiffs' are correct, these regulations are powerful evidence that the regulatory bodies tasked with protecting the safety of individuals required to wear tight-fitting face-pieces have uniformly determined that hair at the point of seal is unreasonably unsafe.[1] The District does not, however, rely solely or even principally on the OSHA and NIOSH regulations to support its position in this case.

As the recent litigation in this case makes clear, respiratory protection is a complex field that raises issues outside the ken of the average juror, or for that matter average lawyer or jurist. Accordingly on September 28, 2005 the District entered into

---

[1] The regulations at issue in this case are materially different than the statute at issue in *Gonzales,* and the District's argument here is different than that espoused by the United States in that case. The OSHA and NIOSH regulations are designed to protect *individuals*. The District does not argue that it needs to enforce its regulations to achieve uniformity, but to protect *individuals,* including the plaintiffs.

evidence by way of declaration the expert opinion of Dr. Roy McKay.  Incredibly, in the five months since Dr. McKay's declaration was put before the Court, plaintiffs have not even attempted to address Dr. McKay's expert opinion.  Dr. McKay offered, amongst other relevant testimony, the following opinion:

> Facial hair at the sealing surface of the respirator increases facepiece leakage. *In addition, this leakage is variable in nature and can change significantly from one donning to another.* Variable leak sites and sizes as may be present when wearers have beards are particularly troublesome.

McKay Decl. ¶ 10.   (emphasis added)

This opinion was supported by decades of personal observation and research, numerous studies on the negative effects of facial hair on face-piece seals, the uniform positions of regulatory bodies responsible for developing safety standards in the use of respirators, and the positions of face-piece manufacturers.  The opinion is directly applicable to each of the plaintiffs.  The inescapable application of Dr. McKay's informed and unopposed expert opinion is that none of the plaintiffs can safely wear a tight-fitting face-piece and a beard, regardless of the results of the face-fit tests administered to date.  Plaintiffs have offered no rebuttal to this opinion, none.[2]

## CONCLUSION

The recent decision in *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,* 546 U.S. ___ (No. 04-1084, February 21, 2006) applied to this case, stands for the proposition that the District bears the burden of proof, even at the preliminary injunction stage, under the compelling interest test.  As set forth above, the District has

---

[2] Defendant notes that plaintiffs, in a footnote to their February 7, 2006 reply to the District's opposition to the Plaintiffs' motions to reinstate, indicated that they were awaiting answers to discovery requests concerning Dr. McKay's declaration.  The Defendant provided responses to this discovery on February 9, 2006.  Of course, any expert in the field of respiratory protection offering testimony in support of plaintiffs' position would not need this information in order to form his or her own independent opinion.

presented uncontroverted expert testimony that it is dangerous for any of the *individual* plaintiffs to wear tight-fitting face-pieces while they have facial hair at the point of seal, and that the periodic passing of face-fit tests by the plaintiffs does not change that analysis.  Defendant has therefore fully carried its burden of proof in opposition to plaintiffs' pending motions for reinstatement.  It is time for plaintiffs to present some response to the massive weight of scientific evidence and opinion that supports the District's position in this case.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia.


GEORGE C. VALENTINE
Deputy Attorney General for
 Civil Litigation


/s/ Robert C. Utiger
ROBERT C. UTIGER [437130]
Senior Counsel to the Deputy for
 Civil Litigation
P.O. Box 14600
Washington, D.C. 20001
(202) 724-6532