UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CALVERT L. POTTER, *et al.* | ) | |
| | ) | |
| *Plaintiffs,* | ) | Civil Action No.  01-1189 (JR) |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| *Defendant* | ) | |
| _____ | ) | |
| | ) | |
| STEVEN B. CHASIN,  *et al.* | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | Civil Action No. 05-1792 (JR) |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| *Defendant* | ) | |
| _____ | ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S EMERGENCY MOTION
TO STAY OR MODIFY PENDING APPEAL THE COURT'S ORDERS OF
MARCH 20, 2006**

NOW COMES Defendant, the District of Columbia, by and through counsel the

Office of the Attorney General of the District of Columbia and moves the Court to stay

pending review on appeal by the United States Court of Appeals for the District of

Columbia Circuit the Court's orders of March 20, 2006 granting plaintiffs' preliminary

injunctive relief.   Should the Court decline to issue a full stay, the District of Columbia

requests that the relief granted plaintiffs be modified to require only that the District

compensate plaintiffs' for lost overtime pay the otherwise would have earned.[1]

---

[1] Defendant believes that plaintiffs' are, as a matter of law, not entitled to the preliminary injunctive relief
of reinstatement.  However, because of the safety issues involved, any relief ordered by the Court should be
modified to address plaintiffs' claimed harm without impacting the District's safety concerns if possible.

The reasons for this request are set forth in the memorandum in support of this motion which is incorporated herein by reference.  Undersigned counsel has discussed the relief requested in this motion with plaintiffs' counsel.  Plaintiffs' oppose the defendant's motion to stay and have reserved on the issue of modifying the relief granted to only require payment of overtime as relief pending appeal.

WHEREFORE, the District of Columbia requests that this Court stay its Orders of March 20, 2006 or in the alternative modify the relief granted while those orders are on appeal.


Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia.


GEORGE C. VALENTINE
Deputy Attorney General for
 Civil Litigation


/s/ Robert C. Utiger_____
ROBERT C. UTIGER [437130]
Senior Counsel to the Deputy for
 Civil Litigation
P.O. Box 14600
Washington, D.C. 20001
(202) 724-6532

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CALVERT L. POTTER, *et al.* | ) | |
| | ) | |
| *Plaintiffs,* | ) | Civil Action No. 01-1189 (JR) |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| *Defendant* | ) | |
| _____ | ) | |
| | ) | |
| STEVEN B. CHASIN, *et al.* | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | Civil Action No. 05-1792 (JR) |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| *Defendant* | ) | |
| _____ | ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S EMERGENCY MOTION TO STAY
OR MODIFY PENDING APPEAL THE COURT'S ORDERS OF MARCH 20,
2006 ORDERING THAT CERTAIN PLAINTIFFS'
BE RETURNED TO FIELD DUTY**

**Background**

The *Potter* case was originally brought under the Religious Freedom Restoration Act ("RFRA") to enjoin the District from implementing an appearance based grooming policy that required fire-fighters to be clean shaven and limited the hair length of fire-fighters.[2]  This Court entered a preliminary injunction on June 22, 2001 precluding the District from enforcing this grooming policy as to the plaintiffs.  Shortly thereafter the

_____

[2] Of the original six *Potter* plaintiffs, only three are still employed by FEMS and currently involved in this litigation. Plaintiff Umarani did not pass any of the fit-tests directed in the Court's August 11, 2005 order and did not move for reinstatement, and was not ordered reinstated by the Court.

District effectively abandoned this grooming policy and the *Potter* case became dormant. In early 2005 the FEMS expressed its intent to begin enforcement of a safety based policy that precluded the face-fit testing of fire-fighters and Emergency Medical Service ("EMS") personnel who have facial hair at the point where the face piece seals to the face. *Potter* plaintiffs brought a series of motion's aimed at stopping the FEMS from enforcing this policy and both parties filed dispositive motions.

On August 1, 2005 the Court held an evidentiary hearing on the issues involved and on August 11, 2005 issued an order granting plaintiffs  preliminary injunctive relief allowing the District to remove the *Potter* plaintiffs from field duty but preventing the District from discharging plaintiffs, the effect being to place plaintiffs on administrative duties.[3]  The Court also ordered that the District allow the plaintiffs the opportunity to take face-fit tests over a series of months to demonstrate that they could consistently pass the required face-fit tests while wearing beards.

On September 9, 2005 the *Chasin* plaintiffs, six EMS workers, filed a complaint and motion for preliminary injunction challenging the application of the District's face-fit policy on grounds identical to those presented in *Potter.* After oral argument, the Court granted in part plaintiffs' motion for preliminary injunction providing relief identical to that awarded the *Potter* plaintiffs on August 11, 2005

In accordance with the preliminary injunction in this case the District conducted a series of face-fit tests at approximately 30 day intervals over the course of four months. At the conclusion of the tests, two of the *Potter* plaintiffs and all of the *Chasin* plaintiffs

---

[3] All other pending motion were denied without prejudice.

moved for reinstatement.[4]  The Court granted the motions of *Potter* plaintiffs Ali and

Potter and *Chasin* plaintiffs Rashumma, Sterling, Chasin and Conerly.  As a condition of

reinstatement the Court ordered that each of the above plaintiffs take and pass a face-fit

test every 30 days.  The District has appealed these orders.

### Argument

In order to obtain a stay, a party must satisfy each prong of the following four-part

test: (1) there is a substantial likelihood of success on the merits; (2) the party will suffer

irreparable harm if a stay is denied; (3) the issuance of a stay will not cause substantial

harm to other parties; and (4) the public interest will be served by the issuance of the stay.

*United States v. Philip Morris Inc.*, 314 F.3d 612, 617 (D.C. Cir. 2003) (*citing*

*Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.

Cir. 1977)). *See also Honeywell Int'l, Inc. v. EPA*, 374 F.3d 1363, 1375 (D.C. Cir. 2004)

(Randolph, J., concurring) (setting forth "factors that determine whether a stay should be

granted."); *Mova Pharmaceuticals Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir.

1998) (*quoting CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C.

Cir. 1995)); *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921,

925 (D.C. Cir. 1958); *In re Lorazepam & Clorazepate Antitrust Litigation*, 208 F.R.D. 1, 3

(D.D.C. 2002) (citing cases).

Moreover, a strong showing on one of the four factors may make up for a weaker

showing on another. *Serono Labs. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998).

The District meets each element of this four-part test, and a stay should be granted.

---

[4] In effect, plaintiffs moved to modify the Court's earlier preliminary injunctions of August 11, 2005
(*Potter)* and November 10, 2005 *(Chasin).*

**Likelihood of Success on the Merits**

As set forth in the District's opposition to plaintiffs' motions for reinstatement, which is incorporated herein by reference, the unopposed expert testimony in this case is that facial hair at the point of seal on a negative pressure face-piece is dangerous. Further, the effect of beards on face-fit is highly variable from donning to donning. The fact that any given plaintiff had passed face-fits in the past wearing a beard does not demonstrate he will be able to pass at any given time in the future. In fact, two of the *Chasin* plaintiffs ordered to be reinstated, Shango Kwame Rashumma, and Kevin Conerly, failed face-fit tests on March 23, 2006 and March 27, 2006 after having passed three prior tests with marginal scores.[5] The District has fully met its burden of demonstrating that it has a compelling interest in enforcing its face-fit testing policy and that it is filling that need through the least burdensome means possible.

Even if the Court considers likelihood of success on the merits a close call, the other factors strongly favor the District and justify the stay requested pending appeal.

**Irreparable Harm**

The effect of the Court's orders of March 20, 2006 is to put back on field duty four individuals who, if faced with a situation where they are required to wear a negative pressure mask, may not be able to fulfill their duties safely. At the very least, the factual record in this case establishes that the weight of governmental regulations, industry standards, and scientific studies support the proposition that it is unsafe to allow facial hair at the point of seal of face-pieces. Each of the plaintiffs granted reinstatement pose, at the very least, a potential risk to themselves, their co-workers and the general public if allowed

---

[5] Consistent with the directive of the Court at the March 14, 2006 oral argument, Messr. Rashuuma and Conerly will not be placed back on field duty.

back on field duty.  It may be, indeed it is probable and certainly hoped for, that no event necessitating the wearing of a negative pressure mask will occur during the pending appeal of the Court's March 20, 2006 Orders.  But if it does and plaintiffs fail to achieve an adequate seal on their face-piece because of their beards, the potential harm could be the loss of life.  Even a small risk of the ultimate irreparable harm vastly out-weighs plaintiffs' loss of overtime pay.

### Issuance of a Stay Will Not Cause Plaintiffs Substantial Harm

The sole "harm" alleged by the plaintiffs in their motions for reinstatement is a loss of overtime pay while they are on administrative duty.  That there can be no irreparable harm from financial losses, even if *substantial*, has been firmly established by the Supreme Court, the D.C. Circuit, and nearly every federal court of appeals. That overwhelming precedent holds that loss of income and its attendant financial consequences do not, *as a matter of law*, constitute irreparable harm. *Sampson v. Murray,* 415 U.S. at 90–91; *Virginia Petroleum Jobbers Ass'n*, 259 F.2d at 925; *Davenport,* 166 F.3d at 367; *Chilcott v. Orr,* 747 F.2d 29 (1st Cir. 1984); *Jayaraj v. Scappini*, 66 F.3d 36 (2nd Cir. 1995); *Kos Pharmceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 728 (3rd Cir. 2004); *Guerra v. Scruggs,* 942 F.2d 270 (4th Cir. 1991); *White v. Carlucci*, 862 F.2d 1209, 1212 (5th Cir. 1989); *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002); *Hetreed v. Allstate*, 135 F.3d 1155 (7th Cir. 1998); *Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297 (8th Cir. 1996); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994); *Tri-State Generation & Transmission Assn. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986);  *Lifestar Ambulance Serv. v.*

*United States*, 365 F.3d 1293, 1296 n.5 (11th Cir. 2004); *Mikohn Gaming Corp. v. Acres Gaming*, 165 F.3d 891, 898 (Fed. Cir. 1998).

Here, should this Court grant the District's stay motion pending appeal, plaintiffs' will continue to receive their full regular salaries. All they will lose is over-time pay. Such a loss is simply not *legal* irreparable harm. Even if it were, it would be insufficient to off-set the District's safety concerns.

### Harm to the Public

The citizens of the District have a right to be protected in an emergency by fire-fighters and emergency medical service personnel as prepared as possible. In the case of a major release of an inhalation contaminant that means personnel equipped to wear negative pressure masks for extended periods of time without themselves becoming casualties. This is best accomplished by allowing the FEMS to enforce its safety based, OSHA mandated, face-fit policy, at least pending appeal.

### In the Alternative the Court Should Modify It's Orders Pending Appeal

Should the Court decide not to stay its March 20, 2006 Order's pending appeal, the District requests that the Court modify its orders to narrowly tailor the relief given to the irreparable harm alleged by the plaintiffs. As noted above, the sole harm identified by the plaintiffs is a loss of overtime pay. Should the Court decide not to stay the March 20, 2006 Orders in their entirety, the District asks that the Court modify the Orders to only require that the District pay plaintiffs' overtime they would otherwise have earned, pending appeal. Such a modification will remove any possible irreparable harm to plaintiffs' without endangering the citizens of the District of Columbia.

**Conclusion**

For all these reasons, this Court should stay its Orders of March 20, 2006 pending appeal. In the alternative, the Court should modify its orders to only require that the District pay plaintiffs overtime pay they would otherwise have been able to earn pending appeal.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia.


GEORGE C. VALENTINE
Deputy Attorney General for
 Civil Litigation


/s/ Robert C. Utiger
ROBERT C. UTIGER [437130]
Senior Counsel to the Deputy for
 Civil Litigation
P.O. Box 14600
Washington, D.C. 20001
(202) 724-6532