**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CALVERT L. POTTER, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 01-1189 (JR) |
| DISTRICT OF COLUMBIA, | : |
| Defendant. | : |
| STEVEN B. CHASIN, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 05-1792 (JR) |
| DISTRICT OF COLUMBIA, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Events that have transpired since my order returning plaintiffs Chasin, Rashumaa, Sterling and Conerly to field operations duty [23] have served mostly to persuade me that the cross-appeals from that order may provide too narrow a platform for the Court of Appeals to conduct a full merits review.  All the pending issues in this case need to be resolved as soon as possible.  The parties are directed to meet and confer on what additional proceedings, if any, are needed before a final determination on the merits can be made, and, by April 28, 2006, to present a proposed schedule for such proceedings, including

dates for briefing and any evidentiary hearing that may be required. In the meantime, it is

**ORDERED** that the motion of plaintiffs Rahsumaa and Conerly for an order directing the Fire Department to give them proper face tests [30] is **denied**. The gist of this motion seems to be that plaintiffs failed the test because they were not given sufficient notice, but, since the test is of emergency equipment, surprise or random testing seems quite reasonable. It is

**FURTHER ORDERED** that the motion of plaintiffs Evans and Baker for an injunction pending their cross-appeal that would allow them to re-grow their beards while continuing to serve in field operations [32] is **denied**. One of the premises of the relief originally granted was that fully grown beards would be stable enough to produce repeatable test results; experimentation with growing beards would be a significant departure from that premise. And it is

**FURTHER ORDERED** that plaintiffs' motion for clarification [31] is **granted**. The March 20 order is clarified as follows: Periodic re-testing after a face-fit test failure will **not** be permitted during the pendency of the cross-appeals. The Department's hostility towards plaintiffs' facial hair is now quite evident, and it appears that, at least during the pendency of the appeals, face-fit testing will be an adversary process. I will neither sit as face-fit test monitor nor appoint a special

master for that purpose.  If plaintiffs ultimately prevail in their claims and are shown to have been wrongfully deprived of income during the pendency of this suit, an appropriate remedy will be considered.


                                        JAMES ROBERTSON
                                   United States District Judge