UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN B. CHASIN, *et al.*,

        Plaintiffs,

v.

DISTRICT OF COLUMBIA,

        Defendant.

No. 05-cv-1792 (JR)

**PLAINTIFFS RASHUMAA'S AND CONERLY'S
MOTION FOR RECONSIDERATION**

Plaintiffs Rashumaa and Conerly respectfully ask the Court to reconsider its order [33] denying their motion [30] for an order directing the Fire Department to give them proper fit tests in place of the improperly conducted tests they were recently given and allegedly failed. The defendant does not consent to the relief requested in this motion.

**Points and Authorities**

On April 18, this Court denied plaintiffs' motion to be given proper tests, stating:

> The gist of this motion seems to be that plaintiffs failed the test because they were not given sufficient notice, but, since the test is of emergency equipment, **surprise or random testing seems quite reasonable**.

Memorandum Order [33] at 2 (emphasis added). But that reasoning was based on a false assumption about the material facts. As plaintiffs had explained in their motion:

> The Department may conceivably argue that firefighters would not receive 24 hours notice of an emergency, and might therefore be dangerous to themselves and others if they had applied oils to their skin, smoked or eaten garlic. **But such an argument would be plainly wrong, because while such actions might cause a person to fail a fit test, they would *not* interfere with the proper seal of a face mask while on duty**.
>
> The fit test measures particles inside the face mask. The test does not distinguish *where* those particles come from. Particles coming from the subject's face, or from his mouth or nose, will be measured the same as

particles coming from the outside air. In the field, by contrast, only particles coming from the outside air may create a hazard. **That is why firefighters are not prohibited from using creams or oils on their faces, or eating garlic, or smoking as part of their normal daily routine**.

Plaintiffs Rashumaa's and Conerly's Motion for an Order Directing the Fire Department to Give them Proper Fit Tests [30], at 5 (emphasis added).

All of the other plaintiffs covered by this Court's March 20 injunction were tested again yesterday. Each of them passed again. It therefore seems quite likely that plaintiffs Rashumaa and Conerly would have passed proper tests in March. Especially considering that the Court has now ruled that a *single* failed test will keep a plaintiff on desk duty (and thus at low pay) for the duration of the pending appeals, it is simply not fair to allow the defendant to achieve that result on the basis of a flawed test.

### Conclusion

For the reasons given above and in their earlier motion, the Court should reconsider and should order the defendant to cancel the results of plaintiffs Rashumaa's and Conerly's aborted March 23 and March 27 fit tests, and should order the defendant to provide these plaintiffs with an opportunity to take fair and proper face mask fit tests.

A proposed order is filed herewith.

Respectfully submitted,

/s/
_____
Arthur B. Spitzer (D.C. Bar No. 235960)
Frederick V. Mulhauser (D.C. Bar # 455377)
American Civil Liberties Union
 of the National Capital Area
1400 20th Street, N.W. #119
Washington, DC 20036
(202) 457-0800

Counsel for plaintiffs

April 20, 2006

2