UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CALVERT L. POTTER, *et al.*,

    Plaintiffs,

v.

DISTRICT OF COLUMBIA,

    Defendant.

No. 01-cv-1189 (JR)

STEVEN B. CHASIN, *et al.*,

    Plaintiffs,

v.

DISTRICT OF COLUMBIA,

    Defendant.

No. 05-cv-1792 (JR)

**MEET AND CONFER REPORT**

Pursuant to the Court's order of April 18, 2006, the parties have met and conferred about future proceedings in this case.

The defendant believes there is a sufficient factual record to resolve this case, and plans to file a motion for summary judgment on or before May 26, 2006.  Plaintiffs will respond to defendant's motion, and propose to do so on or before June 26, 2006.  Plaintiffs anticipate that there will be a genuine dispute as to some of the material facts that the defendant will assert in its motion, and that additional discovery will be required before the merits of the case can properly be placed before the Court for a final judgment.

Plaintiffs have noticed the deposition of the expert from whom the defendant has previously submitted a declaration in opposing preliminary relief.  Depending upon the

results of that deposition, plaintiffs may agree that there are no disputes of material fact as to the subjects addressed by defendant's expert, but in the more likely eventuality will identify issues of disputed facts.

Defendant objects to producing Dr. McKay pursuant to Fed R.Civ.P. 26(a)(2) on the grounds that Dr. McKay has not been designated to testify at trial. In addition, Defendant believes, at a minimum, it is entitled to an expert witness report by any expert plaintiffs may seek to use to rebut Dr. McKay's testimony as required by Fed.R.Civ.P. 26(a)(2)(C).

Plaintiffs do not seek to avoid those requirements but believe they should be properly sequenced. Plaintiffs also believe they have the right to depose Dr. McKay if defendant plans to rely upon his declaration in support of its motion for summary judgment. If the parties cannot resolve these issues, they believe they can be expeditiously be resolved in the context of a motion to compel.

Plaintiffs also believe that further discovery is necessary concerning the circumstances and results of the fit tests the Department administers to personnel both with and without facial hair. A document recently obtained from the Fire Department shows that there are many active-duty personnel whose face mask seals are far more tenuous than the plaintiffs' substantially higher fitness test results—for example, 37 clean-shaven members passed their fit tests last year with scores below 600. *See* Declaration of Kenneth M. Lyons, filed with plaintiffs' opposition to defendant's motion for a stay pending appeal [*Potter* 116; *Chasin* 29], and exhibits thereto. The same document shows that 51 members *failed* their fit tests last year, yet we understand that no clean-shaven personnel were removed from active duty. Responding to an informal inquiry, the Department has stated

2

that all clean-shaven personnel passed their fit tests last summer, but it has not explained how that statement squares with the official document plaintiffs recently obtained. These low test scores and apparent outright failures by a number of clean-shaven personnel also present the factual issues of whether the Department can properly insist that one failing test should permanently disqualify a bearded member, while the Department apparently has made no effort to ascertain whether clean-shaven members can *consistently* obtain a good fit.  Plaintiffs will promptly seek additional discovery on these factual issues, which plaintiffs believe will provide important evidence going to the merits of this case and which will also provide relevant evidence with regard to the procedures for testing personnel with beards that should be included in any permanent injunction.

Defendant objects to plaintiffs' arguments set forth above in the context of this meet and confer statement and will not follow suit. That said, plaintiffs appear to misunderstand the document referenced above. Defendants believe that either informally or through very limited discovery plaintiffs can be disabused of their misapprehension.

Defendant also believes that some of the information sought is neither relevant to any issue in this case nor likely to lead to the discovery of admissible evidence. The parties believe that this issue will in all likelihood will be addressed through discovery motions.

While defendants believe there is already a sufficient factual record to resolve this case, they may seek limited discovery as to the sincerity of any individual plaintiff's religious beliefs and should plaintiff be allowed to name an expert, any expert opinion plaintiffs intend to rely upon.

After the resolution of any discovery issues and if a trial is required to resolve disputes of material fact, the parties request that Court schedule a trial at the earliest

convenient date.

Such a schedule should enable the court of appeals to consolidate the briefing of an appeal from a final judgment with the briefing of the pending appeals, which would not be briefed until next fall in the ordinary course of D.C. Circuit scheduling. If necessary, the parties are prepared to move the court of appeals for a short delay in the briefing of the pending appeals in order to achieve that consolidation. Based on past experience, it is unlikely that such a motion would be denied.[1]

A proposed order is filed herewith.

Respectfully submitted,

/s/
_____
Arthur B. Spitzer (D.C. Bar No. 235960)
Frederick V. Mulhauser (D.C. Bar No. 455377)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, DC 20036
(202) 457-0800

*Counsel for Plaintiffs*

/s/
_____
William D. Iverson (D.C. Bar No. 88872)
Joshua A. Doan (D.C. Bar No. 490879)
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 662-6000

*Counsel for Plaintiffs in No. 01-1189*

---

[1] The defendant intends to move the court of appeals within the next several days to stay the Court's March 20, 2006 orders in this case. In the event such a stay is entered, plaintiffs will of course seek to move the appeal forward expeditiously.

        ROBERT J. SPAGNOLETTI
        Attorney General of the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General for Civil Litigation

        /s/ Robert C. Utiger
        _____
        ROBERT C. UTIGER [437130]
        Senior Counsel to the Deputy for Civil Litigation
        P.O. Box 14600
        Washington, D.C. 20001
        (202) 724-6532

        Counsel for the Defendant

April 28, 2006