UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVERT L. POTTER, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>DISTRICT OF COLUMBIA,<br><br>　　　　　Defendant.<br><br>STEVEN B. CHASIN, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>DISTRICT OF COLUMBIA,<br><br>　　　　　Defendant. | No. 01-cv-1189 (JR)<br><br><br>Consolidated with<br><br><br><br>No. 05-cv-1792 (JR) |

**PROPOSED PROTECTIVE ORDER AND STIPULATION
REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION**

　　　　Pursuant to the stipulation and agreement of the parties, and upon consideration of the Joint Motion for a Protective Order, it is, on this 28th day of July, 2006, hereby

　　　　**ORDERED THAT:**

　　　　1.　　All documents, testimony, interrogatory responses and other information provided in discovery (collectively, "Discovery Material") by the parties to this action or by any non-party subject to discovery in this action (each a "Producing Person") shall be handled in accordance with this Stipulation Regarding the Disclosure of Confidential Information ("Stipulation").

　　　　2.　　Any Producing Person may designate as confidential any Discovery Material which that Producing Person considers in good faith to contain information involving commercial or business information, financial information, employment records, medical

information, nonpublic emergency response plans or other information subject to protection under Federal Rule of Civil Procedure Rule 26(c).

   3. Documents (including as defined in Rule 34 of the Federal Rules of Civil Procedure) produced in this action may be designated confidential by stamping the legend "CONFIDENTIAL" on each page so designated; or by separate written notification of such designation within twenty (20) days after production. All documents produced shall be treated as confidential during that initial twenty (20) day period.

   4. To the extent that a Producing Person believes only a portion of a document contains confidential material, the initial page shall be stamped "Confidential Within" and only the specific pages that the Producing Person believes should be considered confidential shall be so stamped.

   5. Any oral testimony, including any transcript or video tape of such testimony, given by or on behalf of a party or non-party, may be designated confidential by any party or nonparty by so designating either (i) on the record at the time of the testimony or (ii) by separate written notification within twenty (20) days after receipt by the Producing Person of the transcript of the testimony. All testimony and transcripts shall be treated as confidential until the expiration of that twenty (20) day period. If confidential treatment is requested on the record, the court reporter shall mark the page of the transcripts containing the designated testimony with the designation "CONFIDENTIAL" as appropriate.

   6. Interrogatory responses may be designated as confidential by so indicating in the response.

7. Discovery Material designated as confidential, including any document quoting or summarizing such information or materials, is hereinafter referred to as "Confidential Information."

8. Each person to whom any Confidential Information is to be disclosed pursuant to paragraph 9 (except the Court, court personnel, and non-employee clerical support personnel to the Court, such as outside copy services, couriers, and court reporters) shall be provided with a copy of this Stipulation prior to such disclosure.

9. Confidential Information shall be used only for purposes of this action. Except as provided herein, Confidential Information may be disclosed only to:

   a) the Court and court personnel, including stenographic reporters and jurors;

   b) the parties' attorneys, including in-house counsel, and paralegals, clerical, or support personnel employed or retained by such attorneys;

   c) the named parties to this action;

   d) any author, recipient, or Producing Person of the Confidential Information;

   e) any actual deposition witnesses in this action during the course of such witnesses' testimony; provided, however, that any such potential witness who is not a named party in this action shall first execute a pledge of confidentiality in the form attached hereto as Exhibit A; and

   f) any potential deposition witness in this action; provided, however, that any such potential witness who is not a named party in this action shall first execute a pledge of confidentiality in the form attached hereto as Exhibit A; and

   g) any expert or consultant assisting a party's counsel in connection with this litigation, whether or not retained to testify at trial, to the extent deemed necessary in good faith by such counsel to enable the expert or consultant to provide such assistance; provided that the expert or consultant shall first execute a pledge of confidentiality in the form attached hereto as Exhibit A.

3

10. No Confidential Information shall be disclosed to any person who, if required by paragraph 9 to sign a pledge of confidentiality attached hereto as Exhibit A, does not first sign such pledge. All signed pledges shall be maintained by counsel for the party making the disclosure and shall be produced if required by the Court for the purpose of determining whether a breach of this Stipulation has occurred.

11. If a party objects to the designation of any Discovery Material as Confidential Information, the objecting party shall state that objection in writing to the Producing Person by identifying each document and providing a brief statement of the reason or reasons the objecting party believes that document does not constitute Confidential Information. Within five (5) days after such notice is delivered, the objecting party and the Producing Person shall confer in good faith and attempt to resolve the dispute. If the dispute is not resolved within eleven (11) days after such notice is delivered, the objecting party may apply to the Court for a ruling that the specified Discovery Material shall not be treated as Confidential Information, giving notice to the other parties. If the objecting party so moves, then until the Court enters an order changing the designation, or until the parties and the Producing Person agree otherwise, the Discovery Material shall be treated as Confidential Information. No party, by treating designated material as Confidential Information in accordance with this Stipulation, shall be deemed to have conceded that the material actually is Confidential.

12. Information obtained from a source other than Discovery Material shall not be deemed Confidential Information, regardless of whether such information is also contained in Discovery Material that is designated Confidential. In addition, nothing contained herein shall be construed to limit any Producing Person from using its own Confidential Information in any manner that it may choose or from disclosing its own Confidential

Information to any person or entity for any purpose. Any use or disclosure of Confidential Information, to the extent such use or disclosure is consistent with confidential treatment of the information, shall not be deemed a waiver of any right or protection granted by this Stipulation or of a designation of any Discovery Material as Confidential Information.

13. A Producing Person may designate Discovery Material produced prior to the execution of this Stipulation as Confidential at any time within thirty (30) days after that Producing Person receives a copy of this Stipulation executed by the undersigned counsel.

14. Nothing in this Stipulation shall prevent any party from producing any document or information in his, her, or its possession to another person in response to a subpoena or other compulsory process; provided, however, that if such party receives a subpoena or other compulsory process seeking production or other disclosure of Confidential Information, that party shall give prompt written notice to counsel for the Producing Person, identifying the Confidential Information and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process. When possible, at least ten (10) days written notice before production or other disclosure shall be given. In no event shall production or other disclosure be made before reasonable notice is given.

15. Inadvertent failure to designate documents or other materials as "Confidential" at the time of production or within twenty (20) days after production shall not waive a Producing Person's right to later designate such documents or materials as Confidential Information. Within a reasonable time, the Producing Person shall give written notice to the receiving party that "Confidential" documents or information have been inadvertently produced or disclosed and request the appropriate designation. However, no party shall be deemed to have violated this Stipulation if, more than twenty (20) days after production, but prior to notification

of any later designation, such document or material has been disclosed or used in a manner inconsistent with such later designation. Once such designation has been made, however, the relevant Discovery Material shall be treated as Confidential in accordance with this Stipulation.

16. Any pleading or other paper filed in Court that contains Confidential Information shall be filed under seal unless otherwise ordered by the Court, and such papers shall be labeled "Confidential and Sealed --- Subject to Court Order."

17. This Stipulation shall not be deemed a waiver of: (i) any party's right to object to any discovery request on any ground; (ii) any party's right to seek an order compelling discovery with respect to any discovery request; (iii) any party's right, at any proceeding herein, to object to the admission of any evidence on any ground; and (iv) any other right, defense or objection that otherwise may be asserted in this action.

18. This Stipulation shall not govern the use of Discovery Material at trial. Nothing herein shall preclude any party from applying to the Court, upon reasonable notice to all parties, for a protective order at trial, or shall preclude any modification of this Stipulation with the consent of all parties hereto or by further order of the Court.

19. The terms of this Stipulation shall be binding on all parties to this action and their counsel. Within ten (10) calendar days of the entry of an appearance by any new party in this action, plaintiffs' counsel shall serve a copy of this Stipulation on such new party's counsel.

20. Any non-party producing documents or materials in connection with this action may avail itself of the "Confidential" treatment provided for in this Stipulation for its documents or materials by following the procedures provided herein. The parties to this action may also designate information produced by non-parties as confidential.

...

21. After the case has ended, all of the produced "Confidential" documents shall either be returned to the Producing Person or shredded with notification to the Producing Person (by email or other communication) that said documents have been shredded.

**SO ORDERED**.

Dated: _____, 2006

_____
JAMES ROBERTSON
United States District Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER AND STIPULATION REGARDING THE DISCLOSURE OF CONFIDENTIAL INFORMATION

The undersigned, _____ , under penalty of perjury, hereby acknowledges that s/he received a copy of the Protective Order and Stipulation Regarding the Disclosure of Confidential Information in connection with an action captioned <u>Potter, et al., v. District of Columbia</u>, Case No. 01-CV-1189 (JR), consolidated with <u>Chasin, et al., v. District of Columbia</u>, Case No. 05-1792 (JR), and has read and fully understands the provisions of said Protective Order and Stipulation and agrees to be bound by all of the provisions thereof.

Dated:_____

Signature: _____

Name Printed or Typed: _____