## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVERT POTTER, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 01-1189 (JR) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | Consolidated with |
| ) | |
| STEVEN B. CHASIN, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1792 (JR) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S MOTION TO STAY DISCOVERY OUTSIDE
### OF THE CONTEXT OF A RULE 56(f) DETERMINATION

NOW COMES the defendant, the District of Columbia, by and through counsel the Office of the Attorney General of the District of Columbia and pursuant to Fed. R. Civ. P. 56, and the Court's inherent power to control discovery, moves this Court to stay discovery sought outside of the context of a Rule 56(f) determination. The basis for this request is set forth below and in the memorandum of points and authorities in support of this motion which is incorporated herein by reference.

On April 18, 2006, this Court issued a memorandum opinion that, in part, directed that the parties develop a plan to resolve the pending issues in this case, including "dates for briefing and any evidentiary hearing that may be required." Memo. Op. at 2.  The

clear intent of the Court's directive was that the parties were to propose a method and timeline to identify and narrow the outstanding issues in order to efficiently and fairly reach a final determination on the merits.

In compliance with this directive, the parties submitted a joint meet and confer report on April 28, 2006, which identified a motion for summary judgment, to be filed by the District, as the mechanism to comply with the Court's directive.  On May 5, 2006, the Court adopted the process identified by the parties and adopted by order the deadlines for the District to file its dispositive motion and for the plaintiffs to oppose that motion.

Since the filing of the District's motion, plaintiffs have asserted that discovery is not closed and all issues in this case remain open.   The District believes plaintiffs position to be contrary to the Court's directive.  Defendant believes that to ensure an efficient and fair resolution of this case on the merits, any asserted need for discovery by plaintiffs should be addressed in the context provided by Fed.R.Civ.P. 56 and that discovery should be limited to genuine issues of material fact.  Plaintiffs, however, take the position that every issue in this case is still open for litigation and that full and unlimited discovery is available and should be had.

Defendant brings the instant motion as a vehicle to resolve this dispute.

Counsel for the parties have discussed this matter pursuant to LCvR 7.1 and plaintiffs' counsel does not consent to the relief requested.

WHEREFORE, Defendant requests that discovery be stayed in this matter but for any discovery deemed proper and necessary by the Court pursuant to Fed.R.Civ.P. 56(f).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division



**/s/ Robert C. Utiger**
ROBERT C. UTIGER [437130]
Senior Counsel
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6532

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CALVERT POTTER, *et al.* | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 01-1189 (JR) |
| DISTRICT OF COLUMBIA, | ) | |
| Defendant. | ) | |
| | ) | Consolidated with |
| STEVEN B. CHASIN, *et al.* | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 05-1792 (JR) |
| DISTRICT OF COLUMBIA, | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO STAY DISCOVERY OUTSIDE
OF THE CONTEXT OF A RULE 56(F) DETERMINATION**

Currently pending before the Court is the District's motion for summary judgment in these two consolidated cases. The motion was filed pursuant to the Court's directive of April 18, 2006 and Order of May 5, 2006. Pursuant to Fed. R.Civ.P. 56 and LCvR 7.1(h), the District has identified material facts to which there is no genuine issue and that entitle the District to judgment.

**Discovery Already Produced**

The District has produced 2,906 pages of discovery in response to Plaintiffs' Third Request for Documents, dated May 5, 2006 (the same day the Court adopted by

4

order the parties Meet and Confer Statement and required the District to file a dispositive motion). Prior to that, on February 9, 2006, Defendant produced 282 pages of documents regarding Dr. Roy McKay's September 27, 2005, declaration and resume in response to Plaintiffs' Second Request for Documents, dated December 16, 2005. Prior to that, Defendant made available in July of 2005, several hundred pages of relevant documents, in response to Plaintiffs' First Request for Documents.

## Further Discovery Sought By Plaintiffs

Despite all the discovery had to date, and the pendency of the District's Rule 56 motion, plaintiffs have indicated that they believe that full discovery is appropriate and available outside the context of litigating the District's summary judgment motion. Plaintiffs have noted the depositions of two individual government employees and the District of Columbia by way of a 30(b)(6) notice of deposition. Plaintiffs have also indicated that they wish to take the deposition of Dr. Roy McKay. The logical import of plaintiffs' position is that discovery is not closed and that they reserve the right to take further discovery. In short, plaintiffs take the position that discovery should be had in these cases as if the suits had just been filed and no dispositive motion was pending.

Defendant, not surprisingly, disagrees. In the District's view, at this stage of the litigation the issues should be narrowing, not expanding. The time has now passed for fishing expeditions. The fairest and most efficient method to resolve the case is in the context of the District's pending summary judgment motion.

## ARGUMENT

As Judge Oberdorfer of this Court observed, "it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive

of the claims in the Complaint is pending." *Anderson v. United States Attorneys Office,* 1992 WL 159186 (D.D.C. June 19, 1992). Further:

> A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting time and effort of all concerned and to make the most efficient use of judicial resources."

*Chavous et al. v. District of Columbia Financial Responsibility and Management Assistance Authority,* 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting *Coastal States Gas Corp. v. Dept. of Energy,* 84 F.R.D. 278, 282 (D. Del. 1979)

This analysis is particularly applicable to the cases at hand. The District's motion for summary judgment is a response to a directive of this Court that the parties develop a process to resolve these consolidated cases on the merits. The District believes there are no genuine issues of material fact that preclude judgment in its favor. Even if plaintiffs demonstrate in opposition to the District's motion that there is some genuine issue of material fact, that narrowed issue can be resolved in an evidentiary hearing before this Court, which sits as the trier of fact in this case. That very possibility was addressed by the Court in its April 18, 2006 order. Plaintiffs' apparent position that this case should go forward as if the District's motion for summary judgment is not before the Court is puzzling. Particularly since Rule 56 itself provides a process for plaintiffs to obtain any discovery they can demonstrate they actually need to oppose the District's summary judgment motion.

### Federal Rule of Civil Procedure 56 "Remedy"

If plaintiffs' counsel believes that genuine issues exist regarding the factual predicate upon which the District of Columbia bases its motion for summary judgment, they can submit affidavits and other evidence establishing that point pursuant to Rule

56(e). Those factual issues can then be resolved in an evidentiary hearing before the Court as recognized by the Court in its April 18, 2006 order.

If plaintiffs believe they need additional discovery to make such a showing, they can make a motion, supported by affidavit, pursuant to Rule 56(f). Rule 56(f) provides that:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Having jointly represented to the Court that a summary judgment motion filed by the District was the parties proposed way to resolve these cases on their merits, and the District having filed that motion on July 7, 2006, it is simply inappropriate for plaintiffs to ignore the processes governed by Rule 56 for identifying whether further discovery is necessary.

## **CONCLUSION**

The District has filed a motion for summary judgment in compliance with an order of the Court. Fed.R.Civ.P 56 provides an appropriate vehicle for plaintiffs to identify any discovery necessary to oppose that motion, and the Court should require plaintiffs to utilize that mechanism.

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Robert C. Utiger**
ROBERT C. UTIGER [437130]
Senior Counsel
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6532

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614