UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN B. CHASIN, *et al.,*

      Plaintiffs,

v.

DISTRICT OF COLUMBIA,

      Defendant.

No. 05-cv-1792 (JR)

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (*CHASIN*)**

Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs move for leave to file an Amended Complaint in this action. As discussed below, Plaintiffs' motion should be granted because the Amended Complaint will assert the same claims and seek the same relief sought by the plaintiffs in *Potter v. District of Columbia*, No. 01-cv-1189 (JR), with which this action has been consolidated, and no party will be prejudiced by the amendment.

The Defendant does not consent to the relief sought in this motion.

**Points and Authorities**

In May, 2001, several District of Columbia firefighters filed a lawsuit styled *Potter v. District of Columbia,* seeking to prevent their imminently-threatened discharge because they wore beards, long hair, and/or head coverings as an expression of their sincerely held religious beliefs. In June 2001, this Court granted the *Potter* plaintiffs a preliminary injunction enjoining the Department from enforcing provisions of its grooming policy that would require them to violate their sincerely held religious beliefs on pain of being discharged.

After a series of developments in that case, in August 2005 this Court entered a further preliminary injunction ordering the Department to allow the *Potter* plaintiffs to take "fit tests" to show that they could safely wear negative-pressure respirators despite their beards. Disdaining this Court's action, the Fire Chief announced that he would proceed to discipline and discharge all other members of the Department who wore beards, no matter how sincere their religious reasons for doing so. Nor would he permit them to take fit tests before being discharged. In light of that situation, the instant action was filed on behalf of several additional D.C. firefighters or paramedics to prevent imminent and irreparable injury to their religious rights. In November 2005, this Court granted a preliminary injunction in this case parallel to the injunction already entered in Potter, and consolidated the two cases. *Chasin* Dkt. 11.

Plaintiffs now seek leave to file an Amended Complaint asserting the same claims and requesting the same relief sought by the *Potter* plaintiffs. Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading at any time by leave of court, and provides that "leave shall be freely given when justice so requires." Courts have recognized that "[l]eave to amend one's complaint is liberally permitted," *Islamic American Relief Agency v. Gonzales*, 477 F.3d 728, 738 (D.C. Cir. 2007), and that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party the leave sought should be freely given." *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)) (internal quotation marks, ellipses, and brackets omitted).

Plaintiffs' motion should be granted because the purpose of their motion (and the similar being filed today in the *Potter* case) is simply to more completely align the two complaints, so that each asserts the same claims and seeks the same relief. No party will be prejudiced by the proposed amendment, and it would be unjust to deny the plaintiffs in either case the right to seek the same relief sought by the plaintiffs in the other case.

The proposed Amended Complaint, appended to this Motion as Attachment A, essentially parallels the proposed Amended Complaint in *Potter*, with the addition of the facts relevant to paramedics (all of the plaintiffs in *Potter* being firefighters) and the facts describing why the *Chasin* lawsuit was filed subsequent to the *Potter* case. Other minor revisions have also been made in the proposed Amended Complaint to reflect changes in the status of the Plaintiffs, and to reflect events since the filing of the original *Chasin* complaint.

## Conclusion

For the reasons given above, the Court should grant Plaintiffs' motion and permit Plaintiffs to file an Amended Complaint. A proposed order is filed herewith.

>Respectfully submitted,
>
>/s/ *Arthur B. Spitzer*
>
>―――――――――――――――――
>
>Arthur B. Spitzer (D.C. Bar No. 235960)
>Frederick V. Mulhauser (D.C. Bar No. 455377)
>American Civil Liberties Union
>  of the National Capital Area
>1400 20th Street, N.W. #119
>Washington, DC 20036
>(202) 457-0800 (telephone)
>(202) 452-1868 (facsimile)
>
>Counsel for plaintiffs

August 13, 2007