# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVERT L. POTTER, *et al.* ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 01-1189 (JR) |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| *Defendant* ) | |
| ) | Consolidated with |
| ) | |
| STEVEN B. CHASIN, *et al.* ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 05-1792 (JR) |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| *Defendant* ) | |

### DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO RECONSIDER GRANT OF SUMMARY JUDGMENT TO PLAINTIFFS OR IN THE ALTERNATIVE FOR RELIEF UNDER RULE 59

NOW COMES the defendant the District of Columbia, by and through counsel the Office of the Attorney General of the District of Columbia, and moves the Court to reconsider its grant of summary judgment to plaintiffs or in the alternative to vacate judgment in favor of plaintiffs pursuant to Fed. R. Civ. P. 59.[1]  The reason for this request is set forth below and in the memorandum in support of this motion which is incorporated herein by reference.  Respectfully, the Court erred in finding that the

---

[1] The Court's Orders of September 28, 2007 granting plaintiffs in these consolidated cases summary judgment and declaratory relief contemplated further proceedings regarding injunctive relief and money damages.  Defendant therefore believes that the grant of declaratory relief does not constitute a final appealable order triggering the applicability of Rule 59. Defendants seek relief under Rule 59 as a protective measure.

District has conceded that it is safe to wear a tight-fitting face-piece while in a positive pressure configuration, and as a consequence erred in determining that there was no genuine material fact in dispute that would prevent summary judgment to plaintiffs. In addition, the Court erred in determining on summary judgment that "excusing" plaintiffs from responding to events where they might need to use a negative pressure configuration of their respiratory equipment was a reasonable accommodation without any evidence in the record to support this proposition.

    The District maintains that it is unsafe to wear a tight-fitting face-piece with facial hair at the point of seal regardless of whether the face-piece is used in a positive or negative configuration. This position is supported by the evidentiary record in this case including uncontested expert declarations, federal safety regulations and other evidence. At the very least, the District has raised a genuine issue of fact in dispute sufficient to prevent summary judgment to plaintiffs. In addition, the Court's determination that allowing the plaintiffs not to respond to situations where a negative pressure configuration to their face-pieces is required as a less restrictive accommodation to their religious beliefs has no evidentiary basis in the record and is unworkable. For all these reasons, the Court's grant of summary judgment to plaintiffs should be vacated and this matter should proceed to trial.

    WHEREFORE, defendants request that the Court vacate its grant of summary judgment and declaratory relief and allow this matter to proceed to trial. The District requests oral argument on this motion.

                      Respectfully submitted,

                      LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Robert C. Utiger**
ROBERT C. UTIGER [437130]
Senior Counsel
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001

October 15, 2007         (202) 724-6532

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVERT L. POTTER, *et al.* ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 01-1189 (JR) |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| *Defendant* ) | |
| ) | Consolidated with |
| ) | |
| STEVEN B. CHASIN, *et al.* ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 05-1792 (JR) |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| *Defendant* ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S
MOTION TO RECONSIDER GRANT OF SUMMARY JUDGMENT TO
<u>PLAINTIFFS OR IN THE ALTERNATIVE FOR RELIEF UNDER RULE 59</u>**

The Court erred in determining that there was no genuine issue of material fact that precluded summary judgment. As set forth below, the record evidence raises, at a bare minimum, a genuinely contested issue on whether or not it is safe to wear a tight-fitting face-piece while having facial hair at the point of seal. The Court also erred in finding that merely excusing plaintiffs from responding to emergencies where use of a negative pressure configuration might be necessary was a reasonable accommodation under RFRA. Neither party addressed the appropriateness of this accommodation.

4

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there exists "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *Waterhouse v. Dist. of Columbia,* 298 F.3d 989, 991 (D.C.Cir.2002). The moving party bears the burden of providing a sufficient factual record to demonstrate the absence of such a genuine issue of material fact. *See Beard v. Banks,* 126 S.Ct. 2572, 2578 (2006). In considering whether the movant has met its burden, a court must draw all reasonable inferences from the evidentiary record in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

Under the facts of this case, the Court's grant of summary judgment to plaintiffs was clear error.

**ARGUMENT**

**THE DISTRICT DID NOT CONCEDE THAT IT WAS SAFE
TO WEAR A BEARD AND A POSITIVE PRESSURE MASK**

The Court concluded that the District did not contest that firefighters can safely wear beards and tight-fitting face pieces so long as they are in a positive pressure configuration. This conclusion appears to be based on a misunderstanding of Defendant's Response to Plaintiff's Statement of Material Facts [*Potter* Dkt. 140, Attachment 5] at ¶ 1-4. Respectfully, the District's Responses do not support the proposition that the District concedes that wearing a tight-fitting face-piece with facial hair at the point of seal is safe in the positive pressure configuration, quite the opposite.

Paragraph 1 of the District's Responses merely acknowledges that in the past firefighters were allowed to have ¼ inch beards, while conceding this point does nothing

5

to establish that this practice was safe. Paragraph 2 merely acknowledges that from 1992 until the start of this litigation longer beards were allowed. Again, while conceded, this assertion does nothing to establish that such a practice was safe. Paragraph 3 merely acknowledges that plaintiffs wore beards for many years and have sincere religious convictions that require the growing of beards. The District has not challenged that plaintiffs have sincere religious beliefs or that they wore beards on the job for many years. Neither proposition speaks to the safety of the practice of wearing beards.

Paragraph 4 of plaintiffs' Statement of Material Facts Not in Dispute comes closest to asserting that it is safe to wear beards with tight-fitting face-pieces, but the District's response clearly does not concede this point. Plaintiffs' Statement of Material Fact 4 asserts that District firefighters have never been hurt because of their beards. The District did not concede this point but rather, asserted that firefighters may well have suffered long term health problems as a result of increased smoke inhalation due to mask leaks. Even had the District conceded the point assert in plaintiffs' Material Fact 4, that concession would not have supported a finding that it is safe to wear a beard and tight-fitting face-piece.

Anecdotal information as to harm to bearded firefighters is not conclusive evidence that wearing a beard and a tight-fitting face-piece is safe. While it is true that the District has acknowledged that a positive pressure face-piece is somewhat safer than a negative pressure mask when there are slight leaks, this is not the same thing as agreeing that wearing a tight-fitting face-piece in a positive pressure configuration while also having facial hair at the point of seal is safe. Safe and safer are not synonyms.

Any argument that the District has conceded that it is safe to wear positive pressure masks with facial hair at the point of seal is further undermined by the evidence the District has submitted, evidence that plaintiffs have wholly failed to rebut.

**A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO THE
SAFETY OF WEARING BEARDS AND POSITIVE PRESSURE MASKS**

Admittedly, during the preliminary injunction litigation in this case, the District focused on safety concerns regarding the use of negative pressure masks while having facial hair at the point of seal. This is certainly the most dangerous problem posed by plaintiffs' beards. Likewise, problems with facial hair at the point of seal of negative pressure masks presented the clearest reasons why the District should be granted summary judgment, and formed the basis of the District's motion for summary judgment. That said, the Court erred in finding that the District had conceded that facial hair at the point of seal in a positive pressure configuration was not unsafe and that there was no genuine issue of material fact on this issue.

The record in this case contains the following evidence to support the District's position that it is unsafe to wear any tight-fitting face-piece with facial hair at the point of seal even in a positive pressure configuration including:

1. OSHA, 29 CFR 1910.134. The District has since the adoption of Special Order 20 relied on the requirements of OSHA regulations that prohibit facial hair at the point of seal of tight-fitting face-pieces regardless of whether the face-piece is being used in a positive of negative configuration. Indeed, the District's policy is based on the requirements of OSHA regulations found at 29 CFR 1910.134. Testimony of William Flint, August 1, 2005 at 105.

   The clear inference to be drawn from this regulation at the summary judgment

stage for the purpose of determining whether an issue is in dispute is that the agency responsible for setting safety standards found it unsafe to wear facial hair at the point of seal of tight-fitting face pieces in either a negative or positive configuration, particularly in the absence of any scientific evidence in the record to the contrary.

2. First Declaration of Dr. Roy McKay. *Chasin* Dkt. 8. Dr. McKay, after setting forth his credentials and the basis for his expert opinion, including citing to numerous studies, standards, and regulations, opined that "permitting facial hair to contact the respirator sealing surface would not only violate standards and guidelines but would place the safety of the wearer and others at increased risk." *Id.* at ¶ 20. The inference to be drawn at the summary judgment stage for the purpose of establishing whether a material issue is in dispute is that Dr. McKay has accurately described the state of science on this issue, particularly in the absence of any expert testimony to the contrary.

3. National Fire Protection Association Standard on Fire Department Occupational Safety and Health Program (NFPA 1500). *Potter* Dkt 142, Pg. 1500-21. NFPA mandates that firefighters not be allowed to wear tight-fitting face-pieces with facial hair at the point of seal *even if they have passed a face fit test.* The clear inference to be drawn at the summary judgment stage for the purpose of establishing whether a material issue is in dispute is that the national association concerned with the safety of firefighters set appropriate standards, particularly in the absence of any study, report, or expert opinion to the contrary.

4. Third Declaration of Dr. McKay. This declaration describes the potential

dangers of wearing a tight-fitting face-piece in a positive pressure configuration. The inference to be drawn at the summary judgment stage for the purpose of establishing whether a material issue is in dispute is that Dr. McKay has accurately described the state of science on this issue, particularly in the absence of any expert testimony to the contrary.

Respectfully, it was error for this Court to reject this evidence out-of-hand. This is not a case of the District's FEMS looking for a reason to vindictively burden plaintiffs' free exercise of religion. It is an attempt by the District to adhere to uniformly accepted science-based safety standards. There is far more than enough evidence raising a genuine issue of material fact for this case to proceed to trial.

### THE COURT ERRED IN FINDING THAT EXCUSING PLAINTIFFS FROM RESPONDING IN A SITUATION WHERE THEY MIGHT BE REQUIRED TO WEAR A NEGATIVE PRESSURE FACE-PIECE WAS A LESS RESTRICTIVE ACCOMODATION

The Court erred in determining that excusing plaintiffs from duty in case of an event where negative pressure respiratory equipment was necessary is a less restrictive alternative to enforcing safety regulations as to facial hair.

Defendant first notes that the parties did not brief this issue, and respectfully the Court's solution fails to recognize several considerations that make this "less restrictive means" unworkable. The Court failed to consider that the typical fire engine team is made up of five firefighters that train as a team. It was error for the Court to assume that taking one person, 20% of the team, out of service would not adversely affect the performance of the team. Further, the issue of whether four or five firefighters on an engine are required to safely operate has been a very hotly debated issue in FEMS. The firefighters union, which has supported plaintiffs in this litigation, has been steadfast in

9

insisting that five firefighters are necessary for an engine to properly function.  In fact, former Fire Chief Thomas Tippet, who plaintiffs called as a witness at the August 1, 2005 preliminary injunction hearing, resigned over this very issue.  The Court's "less restrictive alternative" would leave the District with a Hobson's choice in an emergency; send several fire engines out short one team member, send plaintiffs out even though they are unsafe, or hold back several fire engines.

This matter should proceed to trial so that this Court can determine whether a less restrictive alternative to following almost universally accepted safety standards.

## CONCLUSION

For all these reasons, the Court should vacate its order granting plaintiffs summary judgment and this case should proceed to trial.

Respectfully submitted,

        LINDA SINGER
        Attorney General
        for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        **/s/ Robert C. Utiger**
        ROBERT C. UTIGER [437130]
        Senior Counsel
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6532

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALVERT L. POTTER, *et al.* ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 01-1189 (JR) |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| *Defendant* ) | |
| ) | Consolidated with |
| STEVEN B. CHASIN, *et al.* ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 05-1792 (JR) |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| *Defendant* ) | |

**ORDER**

This matter is before the Court on defendant's motion to set aside the award of summary judgment to plaintiffs. After careful review of defendant's motion, the opposition thereto and the entire record herein, it is this ____ day of _____ 2007

ORDERED that defendant's motion is GRANTED for the reasons set forth in defendant's motion, and it is further

ORDERED that judgment in favor of plaintiffs is vacated, and it is further

ORDERED that the parties shall meet and confer, and jointly submit a schedule for this matter to proceed to trial.

_____
District Judge