# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN B. CHASIN, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1792 (JR) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | Consolidated with |
| ) | |
| CALVERT POTTER, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 01-1189 (JR) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM IN OPPOSITION OF PLAINTIFFS' PROPOSED ORDER

On September 28, 2007, this Court issued an order and memorandum opinion granting plaintiffs' motion for summary judgment, denying the District's motion for summary judgment, and declaring that Fire and Emergency Medical Services ("FEMS") Special Order 20 violated plaintiffs' rights under the Religious Freedom Restoration Act ("RFRA"). The Court also directed the plaintiffs to submit a proposed form of order. On October 14, 2007, the plaintiffs submitted two proposed orders.

For the reasons set forth below, this Court should decline to issue either order.

## PLAINTIFFS' PROPOSED ORDER ONE

The parties discussed the contents of Plaintiffs' Proposed Order One, and the District agrees that the order accurately reflects the decision reflected in the Court's Memorandum Opinion on liability. The Order enjoins the enforcement of Special Order 20, Series 2005, which adopts the requirements set forth in the Occupational Safety and Health Administration Regulation, 29 CFR § 1910.134. It also requires the District to return those plaintiffs that had been placed on administrative duty because of their non-compliance with Special Order 20 to full field duty.

As set forth in the District's motion to reconsider the Court's grant of summary judgment to plaintiffs, there exists a genuine issue of material fact as to whether it is safe to wear a tight-fitting face piece while having facial hair at the point of seal.[1] In addition, the Court's proposed less restrictive alternative to the requirement that FEMS personnel be capable of wearing tight-fitting face pieces has no basis in the record and is, respectfully, unsafe and unworkable. The District requests that the Court refrain from issuing an order on relief until after resolving the District's motion to reconsider the merits determination.

## PLAINTIFFS' PROPOSED ORDER TWO

The District objects to the more expansive Proposed Order Two on the same grounds as set forth above. In addition, Proposed Order Two is far broader than the

---

[1] Indeed, the District has presented several federal regulations, the opinion of an expert in respiratory protection, and the instructions of the manufacturer of the District's tight-fitting face piece that all indicate that it is unsafe to wear a tight-fitting face-piece with facial hair at the point of seal. Plaintiffs have not produced any evidence to the contrary.

subject matter of this lawsuit. The District addresses each of the plaintiffs' proposed provisions below.[2]

    1.    The plaintiffs seek to have the District permanently enjoined from enforcing the grooming provisions of Article XXI, Section 20 ("Personal Grooming") of the Fire Department Order Book. As set forth in the District's submission of June 15, 2004, the Fire Chief had on June 26, 2001 exempted FEMS employees, including plaintiffs, from the requirements of Article XXI, Sections 20 if they object on religious grounds. *See, Potter* Dkt. 51, Exhibit 1 (Special Order 48). There is simply no need to enjoin the Government of the District of Columbia from enforcing a policy that clearly does not infringe on the plaintiffs' rights under RFRA.

    2.    Plaintiffs seek to have the District permanently enjoined from "retaliating" against the plaintiffs because of their religiously worn hair or facial hair or participation in this lawsuit. There is no evidence of any sort in the record of this case that would justify such a request. To assume that the representatives of the District Government will retaliate against the plaintiffs is both insulting and unnecessary.

    3.    Plaintiffs seek an order reinstating any plaintiff that voluntarily left FEMS during the conduct of this litigation. This issue has never been addressed by the parties, and is not sought in the Request for Relief in either the original complaint or plaintiffs' First Amended Complaint. Plaintiffs should not be granted relief neither sought nor justified. Further, the District notes that for much of the pendency of this action, the District was enjoined from removing plaintiffs from field duty. Surely no plaintiff that voluntarily resigned from DC FEMS for reasons utterly unrelated to this lawsuit is

---

[2] For clarity, the District refers to the numbered paragraphs in plaintiffs' proposed Order.

entitled to reinstatement. Nor would such an individual be entitled to lost benefits or seniority.

4-7.    Similarly, there has been no finding of entitlement to the relief requested in Paragraph 4-7 of the Proposed Order Two.  Plaintiffs should be required to, at the very least, show some entitlement to the relief sought before relief is ordered.

8.    The District notes that the neither the original complaints in these consolidated matters, nor the First Amended Complaints, state a claim for the intentional infliction of emotional distress.  Neither do the complaints allege damages based on severe emotional distress.  Plaintiffs should prove entitlement prior to seeking an award.

9.    The District believes that the provision in Paragraph 9 of the Proposed Order Two requiring a good faith discussion of "next steps" would be most productive after resolution of the District's pending Motion to Reconsider.

## CONCLUSION

This Court should refrain from issuing either of Plaintiffs' proposed orders; grant defendant's motion for reconsideration and set this matter for resolution at trial at the Court's earliest convenience.

    Respectfully submitted,

    LINDA SINGER
    Attorney General of the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    **/s/ Robert C. Utiger**
    ROBERT C. UTIGER [437130]
    Senior Counsel
    441 Fourth Street, N.W., Sixth Floor South
    Washington, D.C. 20001

5

|  |  |
|---|---|
| | **/s/ Eden I. Miller** |
| | EDEN I. MILLER |
| | Assistant Attorney General |
| | Bar Number 483802 |
| | 441 Fourth Street, N.W., Sixth Floor South |
| | Washington, D.C. 20001 |
| | (202) 724-6614 |
| | (202) 727-3625 (fax) |
| October 29, 2007 | E-mail: Eden.Miller@dc.gov |

5