UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CALVERT L. POTTER,** *et al.* | ) | |
| | ) | |
| *Plaintiffs,* | ) | Civil Action No. 01-1189 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| **THE DISTRICT OF COLUMBIA,** | ) | |
| *Defendant* | ) | |
| | ) | |
| **STEVEN B. CHASIN,** *et al.* | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | Civil Action No. 05-1792 (RJL) |
| v. | ) | |
| | ) | |
| **THE DISTRICT OF COLUMBIA,** | ) | |
| *Defendant* | ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S STATUS REPORT**

Defendant District of Columbia ("District"), by and through its undersigned counsel and pursuant to the agreement between the District and counsel for Plaintiffs, files its biweekly Status Report regarding its efforts to respond to Plaintiffs' discovery requests relating to damages.

The District has obtained payroll records from the period of time that potentially encompasses a change in status for each individual Plaintiff. This period began approximately on June 6, 2005 when Fire and Emergency Medical Services Department ("FEMS") instituted its Facial Hair Policy. Changes in duty status, however, did not occur until after the policy was implemented, the Court ruled on the scope of the injunction, and the individual Plaintiffs were

cited for violation of the policy. Thus, the change in duty status is different for each Plaintiff.[1] Accordingly, for each Plaintiff, the District is in the process of determining (1) when the individual Plaintiff was placed in an administrative status, (2) the amount of compensation each individual Plaintiff categorized as a Group One employee would have earned for Sunday Premium compensation, Night Differential compensation, and Holiday and Overtime Pay; and (3) the amount of compensation each individual Plaintiff categorized as a Group Two employee would have earned for Holiday and Overtime Pay.

In order to accomplish this task, FEMS has devoted one administrative services specialist to review the payroll records and make all appropriate calculations pertaining to the back pay and benefits issue. Due to the other obligations the administrative services specialist must perform, including verifying and correcting the time and attendance for all Group One employees employed by FEMS and serving as the point person for correcting all time and attendance issues affecting Group Two FEMS employees, the specialist can only devote three (3) hours per day to this project. At this juncture, the specialist has completed the review of the payroll records for the applicable time period for all twelve (12) Plaintiffs that are or were employed by FEMS.[2]

At this juncture, the District believes that it will be able to comply with the April 18, 2011 deadline for responding to Plaintiffs' interrogatories and requests for production of documents.

---

[1] While Plaintiffs' discovery requests seek information dating back to 2001, it appears that the only time frame relevant to Plaintiffs' damage claims is from 2005 forward, as no Plaintiff was subjected to a change in duty status prior to June, 2005. Although Plaintiff Hassan Umrani was removed from the HazMat unit for failure to comply with a fit test, Judge Robertson previously determined that the District's change in duty status of Plaintiff Umrani did not violate the Court's injunction.

[2] One of the Plaintiffs, Monica Ali, is the personal representative of former FEMS employee Tarick A. Ali, who is deceased.

Respectfully submitted,

IRVIN B. NATHAN
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation

/s/  Ellen A. Efros_____
ELLEN A.EFROS [250746]
Assistant Deputy Attorney General
Chief, Equity 1

/s/ Shana L. Frost_____
SHANA L. FROST [458021]
Assistant Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: 741-8934
shana.frost@dc.gov